IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT E. SHAW, individually
and on behalf of others
similarly situated,**

**Plaintiff,**

**v.**

**U.S. BANK NATIONAL ASSOCIATION,
successor by merger to
Firststar Bank, N.A.,**

**Defendant.**                               No. 05-CV-0077-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

This matter comes before the Court on Plaintiff's motion to remand (Doc. 9). Defendant opposes the motion (Doc. 12). Based on the pleadings and the applicable law, the Court finds that it lacks subject matter jurisdiction over Shaw's claims and grants the motion to remand.

On December 30, 2004, Robert Shaw, individually and on behalf of others similarly situated, filed a five count complaint against U.S. Bank National Association, successor by merger to Firststar Bank, N.A. ("U.S. Bank") in the Madison County, Illinois Circuit Court alleging state-law claims for breach of

contract, statutory fraud, common law fraud, and unjust enrichment arising from the $27.00 "Release Fee" and the $20.00 "Misc. Fax Fee" U.S. Bank allegedly extracted from Shaw as a condition of accepting his home mortgage payoff and releasing its mortgage lien on his home.[1]  Shaw alleges that U.S. Bank breached the express terms of the parties' mortgage by conditioning its release of Shaw's mortgage upon payment of the "Misc. Fax Fee," and alleges that the $27.00 release fee was greater than the actual recording fee paid to record the release with the County Recorder, also in violation of the parties' express contract.  (Doc. 2, ¶ ¶ 20, 28, 33-35).

On February 4, 2005, U.S. Bank removed the case to this Court based on federal question jurisdiction (Doc. 1).  U.S. Bank states that federal question jurisdiction is present in this action because Shaw's claims arise under the National Bank Act, **12 U.S.C. § 1 *et seq*** ("the Act") and **12 C.F.R. § 7.4002**.

Now before the Court is Shaw's motion to remand (Doc. 9).  Shaw argues that the Court lacks federal question jurisdiction over his state law claims. He contends that he does not seek to invoke law to regulate the amount of interest U.S. Bank can charge, or even to regulate the amount of fees that U.S. Bank can charge, but to hold U.S. Bank to the terms of the mortgage contract and to hold it

---

[1]Shaw purports to represent the following two classes of persons:

Release Fee Class: Every residential mortgagor from whom Defendant collected a **Release** Fee that exceeded the amount, if any, Defendant paid a government entity to record Defendant's release of mortgage.

Fax Fee Class: Every person from whom an [sic] Fax Fee was collected at the closing of a home sale or mortgage loan refinancing and paid to Defendant and whose Payoff Statement included such fee in the "TOTAL AMOUNT TO PAY LOAN IN FULL."

accountable for fraud.

## II. Analysis

An action cannot be removed to federal court if it could not have been filed originally in federal court. **Gossmyere v. McDonald, 128 F.3d 481, 487 (7th Cir. 1997); 28 U.S.C. § 1441(a)**. The party seeking removal has the burden of establishing jurisdiction of the district court. **Wellness Community National v. Wellness House, 70 F.3d 46, 49 (7th Cir. 1995)**.

U.S. Bank does not contend that Shaw's cause of action presents diversity jurisdiction and the complaint seeks less than $75,000. Therefore, the sole issue is whether the complaint presents a federal question removable pursuant to **28 U.S.C. § 1441(b)**. The defendant cannot remove a case to federal court by simply asserting a federal question in his responsive pleading. **Rice v. Panchal, 65 F.3d 637, 639 (7th Cir. 1995)**. The issues raised in the plaintiff's complaint, not those added in the defendant's response control the litigation. **Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1486 (7th Cir. 1996)**. For the most part a "suit arises under the law that creates the cause of action." **Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 821 (1988)**. In determining whether an action was properly removed to federal court, the court examines the plaintiff's complaint as it existed at the time the defendant filed the notice of removal. **See Shannon v. Shannon, 965 F.2d 541, 545 (7th Cir. 1992)**.

In **Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)**, the United

States Supreme Court stated that "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in Plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."

In its notice of removal, U.S. Bank states that federal jurisdiction is present in this action because Shaw's claims are within the scope of the complete preemption rule under the National Bank Act, **12 U.S.C. § 1 *et seq*. and 12 C.F.R. § 34, §7.4002**. U.S. Bank essentially argues that the fees of which Plaintiff complains fall within the very broad scope of what is covered under the term "interest." While, Shaw maintains that his claims are not subject to the National Bank Act because he is not seeking to invoke state law to regulate the amount of interest U.S. Bank can charge, or even to regulate the amount of fees that U,S, Bank can charge, instead he is seeking to hold U.S. Bank to the terms of its mortgage contract and to hold U.S. Bank accountable for fraud. Specifically, Shaw contends that U.S. Bank breached the express terms of the parties' mortgage contract by conditioning its release of Shaw's mortgage upon the payment of sums not secured by the mortgage.

The Court finds the argument of counsel for the defense to be curious indeed. At page seven of Defendant's brief, it is stated, "The fees and charges that are the substance of Plaintiff's claims are much like the estimated charges and county fees in *Budnik* and *Taylor*." [***Budnik v. Bank of Am. Mortgage,* 2003 WL**

4

**22964372 (N.D. Ill. Dec. 16, 2003);** *Taylor v. Wells Fargo Home Mortgage,* ***Inc.,*** **2004 WL 856673 (E.D. La.)**] The problem with this analysis is that it is not even honestly arguable that the fees are similar to those at bar. In *Budnik*, the issue at bar dealt with per diem **interest**. In *Taylor*, the dispute at bar was one concerning a redemption following a foreclosure, with a reinstatement of a mortgage and the fees at issue dealt solely with those matters. One cannot say, with integrity, that recording costs associated with the release of a mortgage are anything like per diem interest or late fees and redemption costs associated with the reinstatement of a mortgage.[2]

In 2003, the Supreme Court found two sections of the National Bank Act completely preempt certain state law claims. In **Beneficial National Bank v. Anderson, – U.S. –, 123 S.Ct. 2058 (2003)**, the Court addressed whether a defendant may remove state law *usury* claims on the ground of preemption by the Act. The Supreme Court found that §§ 85 and 86 of the Act "create a federal remedy for overcharges that is exclusive, even when a state complainant … relies entirely on state law. Because §§ 85 and 86 provide the exclusive cause of action for such claims, there is in short, no such thing as a state-law claim of usury against a national bank." **Id. at 2064**. The Supreme Court reasoned that "[t]he same federal interest that protected national banks from state taxation that Chief Justice Marshall

---

[2]It would be helpful, as well, if defense counsel would repair their printer. Mentally readjusting letters while adjusting legal analysis is a two edged sword no judge should be forced to endure.

characterized as the 'power to destroy,' **McCulloch v. Maryland, 17 U.S. 316, 4 Wheat. 316, 431 (1819)**, supports the established interpretation of §§ 85 and 86 that gives those provisions the requisite pre-emptive force to provide federal jurisdiction." **Id.**

Further, **12 C.F.R. § 7.4001(a)** defines interest as follows:

> The term "interest" as used in 12 U.S.C. § 85 [Section 85 of the National Bank Act] includes any payment compensating a creditor or prospective creditor for an extension of credit, making available of a line of credit, or any default or breach by a borrower of a condition upon which credit was extended. It includes, among other things, the following fees connected with credit extension or availability: numerical periodic rates, late fees, creditor-imposed not sufficient funds (NSF) fees charged when a borrower tenders payment on a debt with a check drawn on insufficient funds, overlimit fees, annual fees, cash advance fees, and membership fees. It does not ordinarily include appraisal fees, premiums and commissions attributable to insurance guaranteeing repayment of any extension of credit, finder's fees, fees for document preparation or notarization, or fees incurred to obtain credit reports.

Here, U.S. Bank has not sustained its burden of establishing federal question jurisdiction. Shaw does not allege that U.S. Bank charged them interest that exceeded any limit imposed by state or federal lending statute or regulation. Instead, the complaint alleges breach of contract, statutory fraud, common law fraud, and unjust enrichment arising from the $27.00 "Release Fee" and the $20.00 "Misc. Fax Fee" U.S. Bank allegedly extracted from Shaw as a condition of accepting his home mortgage payoff and releasing its mortgage lien on his home. The Court finds that these "fees" constitute a non-interest fee. The definition of "interest" under **12 C.F.R. § 7.4001(a)** states that fees for "document preparation or notarization" are

not interest.  The fees at bar have nothing whatsoever to do with the extension of credit,  making available a line of credit or the default of the borrower.  Nor do they relate to the compensation of the creditor in relation to those matters.  Rather they have to do with the reimbursement of the creditor for the costs of recording the release of mortgage, a cost to be borne by the borrower, as provided by the contract.  It is alleged that the creditor fraudulently overcharged such costs.  Further, the Court finds that these allegations do not fall within the ambit of § § 85 and 86 of the National Bank Act.  Thus, the Court does not have jurisdiction over Shaw's state law claims of breach of contract, statutory fraud, common law fraud, and unjust enrichment.

### III.  Conclusion

Because the Court lacks subject matter jurisdiction, the Court **GRANTS** Plaintiff's motion to remand (Doc. 9).  The Court **REMANDS** this cause of action to the Madison County, Illinois Circuit Court.

Further, the Court **ORDERS** U.S. Bank to pay the "costs and actual expenses, including attorney fees, incurred as a result of the removal," under **28 U.S.C. § 1447(c)**.  This award is not, and should not interpreted as, a sanction.  Rather, Section 1447(c) is a fee-shifting statute, "entitling the district court to make whole the victorious party." ***Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000)**.  The Seventh Circuit has recognized that District Courts remanding cases should award costs and expenses under Section 1447(c) as "normal incidents

of remand for lack of jurisdiction." ***Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000)**. Stated simply, plaintiffs "are presumptively entitled to recover attorneys' fees incurred in obtaining remand," ***Garbie*, 211 F.3d at 407**, and as such, the Court finds that expenses should be recovered by Shaw.

The Court **ORDERS** Plaintiff's counsel to furnish Defendant's counsel a statement reflecting these costs and expenses on or before **May 24, 2005**. Thereafter, Defendant has up to and including **June 14, 2005** to pay those costs and expenses or to file an objection with this Court should it deem such costs and expenses excessive. The Court previously found, that partners in class action litigation are entitled to $350 per hour and associates $175 per hour. If necessary, the Court refers the resolution of all issues regarding the enforcement of this Order to United Magistrate Judge Clifford J. Proud.

**IT IS SO ORDERED.**

Signed this 3rd day of May, 2005.

<u>/s/   David RHerndon</u>
**United States District Judge**